IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SOFTEX LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:22-cv-01311-DAE |
| HP INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

**DEFENDANT HP INC.'S MOTION TO STAY BASED ON NEW FACTS**

## TABLE OF CONTENTS

Page

BACKGROUND .................................................................................................................. 1

    I.    Microsoft Filed an IPR Petition Challenging All '649 Claims. ............................. 2

    II.    The North Carolina Litigation Is Stayed. ............................................................... 2

    III.    Softex Conceded That HP's Devices Can Be Represented by a Representative Product Based On the Software It Uses. ...................................... 3

LEGAL STANDARD ........................................................................................................... 4

ARGUMENT ........................................................................................................................ 5

    I.    The '649 Patent Claims Should Be Stayed Pending Institution. ........................... 5

        A.    Softex Is a Non-Practicing Entity That Is Not Unduly Prejudiced By a Stay. ............................................................................................. 5

        B.    This Case Is In Its Early Stages. ................................................................ 6

        C.    A Stay Will Simplify the Issues. ................................................................ 6

        D.    A Stay Limits the Burden on the Court and the Parties. ............................ 8

    II.    Softex's Concessions On Representative Products Shows That *In Re Google* Applies and the Remaining Claims Should Also Be Stayed Under the Customer Suit Exception. ................................................................................ 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ................................................................................................7

*BarTex Rsch., LLC v. FedEx Corp.*,
  611 F. Supp. 2d 647 (E.D. Tex. 2009) ......................................................................................6

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ................................5, 8

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
  2019) .....................................................................................................................................4, 6

*Delphix Corp. v. Actifio, Inc.*,
  No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) .................................6, 7

*ePlus, Inc. v. Lawson Software, Inc.*,
  789 F.3d 1349 (Fed. Cir. 2015) ................................................................................................8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................8

*In re Google Inc.*,
  588 F. App'x 988 (Fed. Cir. 2014) .......................................................................................9, 10

*Murata Mach. USA v. Daifuku Co.*,
  830 F.3d 1357 (Fed. Cir. 2016) ................................................................................................4

*Nanobebe US Inc. v. Mayborn (UK) Ltd.*,
  No. 21-cv-08444 (JLR), 2023 WL 4993642 (S.D.N.Y. Aug. 4, 2023) .....................................4

*Neste Oil OYJ v. Dynamic Fuels LLC*,
  No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ................................................7

*Polaris Powerled Techs., LLC v. HP Techs. Inc.*,
  No. 1:22-CV-0973-RP, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ...............................4, 5

*Softex LLC v. Lenovo (Shanghai) Elecs. Tech. Co.*,
  No. 5:23-cv-90-BO, 2023 WL 5814417 (E.D.N.C. Aug. 30, 2023) .............................2, 3, 6, 8

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ........................................8

# TABLE OF AUTHORITIES
## continued

**Page(s)**

**Statutes**

35 U.S.C. § 316(a)(11)................................................................................................................2

This case should be stayed. Several months ago, the Court denied HP's initial stay request based on judicial efficiency concerns related to the accused Windows Functionality, parallel litigation in North Carolina, and Softex's direct infringement allegations against HP. (ECF No. 59, *Softex LLC v. Dell Techs. et al.,* 1:22-cv-01309-DAE (W.D. Tex.), 44:21-45:12.) These concerns have since been addressed in favor of a stay.

***First***, non-party Microsoft Corporation ("Microsoft") filed a petition for *inter partes* review ("IPR") challenging all asserted claims of U.S. Patent No. 8,506,649 (the "'649 Patent" or "'649"), with the potential to resolve all issues related to the accused Windows Functionality. ***Second***, the U.S. District Court for the Eastern District of North Carolina[1] stayed Plaintiff Softex LLC's ("Softex") virtually identical suit against various Lenovo entities following briefing and a hearing where Softex conceded that (1) it is a non-practicing entity seeking only money damages and (2) is improperly using the customer cases to obtain discovery for its concurrent case against Absolute. (*See* Declaration of Reuben H. Chen ("Chen Decl.") Ex. A.) ***Third***, Softex conceded that this case can be litigated based on representative products, a *de facto* admission that Absolute is the true defendant for all of the Asserted Patents.[2] These changed circumstances warrant a stay until the PTAB renders an institution decision on Microsoft's IPR petition against the '649 Patent claims. At a minimum, Softex's '649 Patent claims against HP should be stayed at this time.

## BACKGROUND

In the prior stay hearing, the Court expressed several concerns preventing a clean application of the customer suit exception under *In re Google*.[3] Specifically, the Court noted:

---

[1] *Softex LLC v. Lenovo (Shanghai) Elecs. Tech. Co., et al.*, No. 5:23-CV-90-BO, Order, ECF No. 117 (E.D.N.C. Aug. 30, 2023).
[2] The other Asserted Patents are U.S. Patent Nos. 7,590,837; 8,516,235; 8,145,892 8,287,603; 8,137,410; and 8,128,710. (ECF No. 1 at 1.)
[3] During the parties' meet and confer on this motion, Softex took the position that this motion should be a motion for reconsideration. But HP's newly-filed motion to stay is based on new facts

1

> [T]here's potential of IPRs that haven't been addressed, there's still also this North Carolina case, but the big issue I think here both on this factor and the next one, that is whether or not Absolute is the, quote, sole source of the allegedly infringing product is this lingering Windows issue. Even if Absolute is fully decided, there is still this question of the Windows functionality which would have to be addressed regardless of how that case comes out. And you know, again, there's the direct infringement allegations that we have at this stage, but I think the Windows issue alone is enough to take this outside of what I think would be a clean application of the customer suit exception.

(ECF No. 59, *Softex LLC v. Dell Techs. et al.,* 1:22-cv-01309-DAE (W.D. Tex.), 45:1-12.)  These concerns have since been addressed, as described below.

I.  **MICROSOFT FILED AN IPR PETITION CHALLENGING ALL '649 CLAIMS.**

On July 11, 2023, Microsoft filed an *inter partes* review ("IPR") petition at the Patent Office ("PTO") challenging all asserted claims of the '649 Patent.  *See Microsoft Corp. v. Softex, LLC*, IPR2023-01185 (Paper 1).  Supported by expert testimony and several prior art references, the petition demonstrates that the asserted claims all are unpatentable as obvious and should be cancelled.  (*Id*.)  The Patent Trial and Appeal Board ("PTAB") will issue its institution decision by January 24, 2024, and, if instituted, its trial concerning the invalidity of the asserted claims will be completed by January 24, 2025.  35 U.S.C. § 316(a)(11).  Microsoft's IPR petition could fully resolve all issues related to the accused Windows Functionality in this case.

II.  **THE NORTH CAROLINA LITIGATION IS STAYED.**

The North Carolina litigation is no longer active, and Judge Boyle *granted* a stay under the same circumstances now present here.  After Microsoft filed its IPR petition challenging all of the '649 Patent claims, the federal court in the Eastern District of North Carolina stayed Softex's case against various Lenovo entities pending resolution of the *Absolute* litigation.[4]  *Softex LLC v.*

---

and circumstances and is not a motion for reconsideration.  Even if considered a motion for reconsideration, the factual circumstances have changed materially, warranting this motion.
[4] *Softex LLC v. Absolute Software Corp.*, No. 1:22-cv-01308-DAE (W.D. Tex.).

2

*Lenovo (Shanghai) Elecs. Tech. Co.*, No. 5:23-cv-90-BO, 2023 WL 5814417, at *3 (E.D.N.C. Aug. 30, 2023). The Court found that the pending *Absolute* litigation "may resolve many of the underlying questions of this litigation and because there is a lack of undue prejudice to Softex, the factors conclusively weigh in favor of a stay." *Id.* In reaching its decision, the Court observed:

> [I]f the *Absolute* litigation resolves some issues in this litigation, **particularly extremely time intensive and redundant issues like a *Markman* hearing or the validity of the '649 Patent**, this will preserve the parties' resources and judicial resources. A stay will then also allow for a more timely resolution when this litigation eventually resume because **Absolute will have already produced discovery about its products to Softex**. This does not result in piecemeal litigation because real issues will be resolved fully, and contradictory rulings will be prevented.

*Id.* at *2 (emphasis added and internal citations omitted). The Court also recognized that "it appears plausible that Absolute is the true defendant." *Id.* Finally, Softex was admonished for seeking discovery in its other suits through the customer case and the Court refused "to encourage the filing of lawsuits against one company to allow a workaround of discovery rules to better pursue a lawsuit against another company." *Id.*

### III.   SOFTEX CONCEDED THAT HP'S DEVICES CAN BE REPRESENTED BY A REPRESENTATIVE PRODUCT BASED ON THE SOFTWARE IT USES.

Softex's Complaint alleges infringement by essentially every HP device running Windows 10/11 over the past seven years, amounting to **hundreds** of accused devices. (*See* ECF No. 1, ¶ 9.) While arguing at the Court's stay hearing last July that HP's specific hardware was material to its direct infringement allegations against HP, Softex has since conceded that hundreds of these accused hardware devices can be represented by a representative product based on the software version of the Absolute Functionality and/or Windows Functionality used by that product. (Chen Decl. Ex. G.) The processor, memory, BIOS, and other hardware components in the accused HP computers are thus immaterial to Softex's infringement theories—they are just placeholders for generic hardware.

3

## **LEGAL STANDARD**

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Polaris Powerled Techs., LLC v. HP Techs. Inc.*, No. 1:22-CV-0973-RP, 2023 WL 5282381, at *1 (W.D. Tex. Aug. 15, 2023) (citation omitted). "[T]he question whether to stay proceedings pending review by the Patent and Trademark Office ('PTO') of the validity of the patent or patents at issue in the lawsuit is a matter committed to the district court's discretion." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019) (J. Bryson).

Congress created the IPR procedure at the PTO to "reliev[e] the courts of some of the burdens of deciding issues of obviousness and anticipation, and sav[e] the courts from having to adjudicate infringement claims based on patents of questionable validity." *CyWee*, 2019 WL 11023976, at *3. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1. Thus, courts adopt a "liberal policy" of granting motions to stay litigation pending the outcome of IPR proceedings at the PTO. *Nanobebe US Inc. v. Mayborn (UK) Ltd.*, No. 21-cv-08444 (JLR), 2023 WL 4993642, at *2 (S.D.N.Y. Aug. 4, 2023) (citation omitted); *see also CyWee*, 2019 WL 11023976, at *3.

District courts weigh stay requests on a case-by-case basis and consider four factors: "(1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; (3) whether the stay will likely result in simplifying the case before the court[;]" and (4) whether a stay (or denial) will reduce the burden of litigation on the parties and on the court. *Polaris*, 2023 WL 5282381, at *2 (citation omitted); *CyWee*, 2019 WL 11023976, at *2; *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016). Here, each factor strongly

4

favors a stay of the case pending the PTAB's institution decision on Microsoft's IPR petition against the '649 claims.

## ARGUMENT

These new developments bring this case even closer to *In re Google* and mandate a stay. By proposing to try its claims on representative products, Softex conceded that its direct infringement allegations depend *only* on the accused Absolute Functionality and/or Windows Functionality installed on HP machines. An invalidity finding in the IPR proceedings against the '649 claims could also resolve all Windows Functionality issues. And, as discussed in HP's earlier stay motion, the *Absolute* litigation will resolve all Absolute Functionality issues in this case because Absolute is the true defendant. (*See* ECF No. 36 at 7-14.) Judicial and party resources are best-served by pausing this case entirely until the PTAB renders an institution decision on Microsoft's IPR petition against the '649 claims. At a minimum, the asserted '649 claims should be stayed pending that institution decision.

**I.   THE '649 PATENT CLAIMS SHOULD BE STAYED PENDING INSTITUTION.**

   **A.   Softex Is a Non-Practicing Entity That Is Not Unduly Prejudiced By a Stay.**

Softex is a "licens[ing] and enforce[ment]" entity associated with the Emerati-backed Fortress Investment Group. (Chen Decl. Exs. B & C.) Softex does not practice the '649 Patent (or any of the other Asserted Patents) and seeks only monetary damages. (Chen Decl. Ex. D at 5-6 ("[W]e are nonpracticing of this invention … [but] are entitled to a reasonable royalty … [i]t's effectively a license").)

Non-practicing entities that seek only monetary relief, such as Softex, cannot show undue prejudice resulting from a stay. *Polaris*, 2023 WL 5282381, at *4 (stay appropriate where patentee is a "non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees"); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-

13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[Defendant] seeks exclusively monetary damages, and mere delay in collecting those damages does not constitute undue prejudice."); *see also CyWee*, 2019 WL 11023976, at *4. Nor, as the North Carolina court found, are Softex's prior prejudice arguments concerning discovery relevant or even appropriate. *Lenovo*, 2023 WL 5814417, at *2 ("Softex alleges that it will not be able to obtain necessary discovery in its other suits because Lenovo will be directly shielded by third-party discovery rules … this is both an irrelevant and concerning argument"). This factor favors a stay.

    **B.**     **This Case Is In Its Early Stages.**

This Court recognized that the case is at a "really early stage." (ECF No. 59, *Softex LLC v. Dell Techs. et al.,* 1:22-cv-01309-DAE (W.D. Tex.), 10:22.) Fact discovery will not close until April 2024, expert discovery has not yet begun, no *Markman* hearing has taken place, and no trial date has been set. (ECF No. 58.) These circumstances are largely unchanged since HP's first stay motion and still favor a stay. *See, e.g.*, *BarTex Rsch., LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) ("If the stay is unlikely to prejudice the plaintiff and the motion for stay comes early in the case, courts generally look favorably on granting stays pending reexamination."); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014) (favoring pre-institution stay where action, while "initiated over a year ago," was "still in its early stages" and "about to embark upon claim construction briefing.").

    **C.**     **A Stay Will Simplify the Issues.**

Staying the case during the pendency of the '649 IPR proceedings could greatly simplify issues in this case. In its July stay hearing, the Court expressed concerns that the *Absolute* litigation would not resolve issues related to the accused Windows Functionality. (ECF No. 59, *Softex LLC v. Dell Techs. et al.,* 1:22-cv-01309-DAE (W.D. Tex.), 45:1-8.) The Windows Functionality is accused of infringing only the '649 Patent. Microsoft's IPR petition could resolve ***all*** Windows

6

Functionality issues if the PTAB finds the '649 claims unpatentable. *E.g.*, *Delphix*, 2014 WL 6068407, at *2 (favoring stay where patents subject to IPR challenge were a "significant" portion of the action).

This scenario is hardly a remote possibility. The '649 claims are unlikely to survive IPR proceedings unscathed. In 2023 alone, the PTAB granted institution on almost three-quarters of all filed IPR petitions and found at least one patent claim unpatentable in eighty-two percent of the instituted IPRs that reached final written decision. (Chen Decl. Exs. E & F.) *See also, e.g., Neste Oil OYJ v. Dynamic Fuels LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *3 (D. Del. July 2, 2013) (acknowledging, based on such statistics, that the PTAB "will likely grant review."). Although HP did not file or join Microsoft's IPR, HP agrees to be bound by any Final Written Decision in the Microsoft IPR. *Neste Oil OYJ*, 2013 WL 3353984, at *4 (weighing favorably where non-party to IPR proceeding agrees to be bound by decision).

Should the PTAB invalidate the '649 Patent claims, only issues related to Absolute Functionality will remain. These remaining issues can and should be resolved by the *Absolute* litigation, not least because Softex clarified in its representative products agreement that any specific HP hardware configuration is immaterial to its infringement allegations. (Chen Decl. Ex. G.)

A temporary stay pending PTAB's institution decision on Microsoft's IPR petition will simplify issues even if the end result is a denial. Softex's statements during the pre-institution phase are part of the intrinsic record for the '649 Patent that is highly probative for claim construction. *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding

of prosecution disclaimer"). Claim construction briefing has just begun in this case. Development of the intrinsic record at IPR *before* further claim construction proceedings here could simplify or altogether eliminate the parties' disputes. *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *2 (N.D. Tex. Jan. 23, 2020) ("Even if the PTAB declines to institute IPR . . . the Court would still benefit from the PTO's expert opinion and initial claim construction in deciding the issues.").

### D. A Stay Limits the Burden on the Court and the Parties.

Determining "the validity of the '649 Patent" is an "extremely time intensive and redundant issue" such that a stay "will preserve the parties' resources and judicial resources." *Lenovo*, 2023 WL 5814417, at *2.[5] And importantly, so long as this litigation or any appeal from it is pending, final IPR decisions of unpatentability will ultimately govern. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1343 (Fed. Cir. 2013); *see also Crossroads*, 2015 WL 3773014, at *4 ("The finality of any judgment rendered by this Court will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims." (citations omitted)).

*Fresenius* is instructive. There, the district court declined to stay a litigation pending reexamination and found the asserted patent claims valid and infringed. *Fresenius*, 721 F.3d at 1333. In reexamination, however, the Patent Office reached the opposite conclusion and cancelled all asserted claims as unpatentable. *Id.* at 1334-35. The Federal Circuit explained that the PTAB's determination of unpatentability trumped the district court's infringement finding because "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Id.* at 1340; *see also ePlus, Inc. v.*

---

[5] While the E.D.N.C. did not explicitly determine whether the customer-suit exception applied, it noted that "it appears plausible that Absolute is the true defendant" and predicated a stay largely on the fact that the Absolute case "may resolve many of the underlying questions of this litigation." *Lenovo*, 2023 WL 5814417, at *2-3.

8

*Lawson Software, Inc.*, 789 F.3d 1349, 1356-57 (Fed. Cir. 2015). A stay is warranted here to streamline the proceedings and to avoid such conflicting results.

**II.   SOFTEX'S CONCESSIONS ON REPRESENTATIVE PRODUCTS SHOWS THAT *IN RE GOOGLE* APPLIES AND THE REMAINING CLAIMS SHOULD ALSO BE STAYED UNDER THE CUSTOMER SUIT EXCEPTION.**

Notwithstanding the Windows Functionality issues that Microsoft's IPR petition will likely resolve, Softex's concession that the case can proceed with representative products clarifies that Softex's infringement theories hinge exclusively on Absolute's software. Absolute—not HP—is the sole provider of Absolute's accused software. (ECF No. 36 at 14.) HP does not manufacture Absolute's accused software, nor does it have any non-duplicative documentation about the accused Absolute Software. (ECF No. 36-1.) Absolute is the true defendant as to Softex's infringement allegations against the Absolute Functionality for the reasons HP identified in its original stay motion briefing. (ECF No. 36 at 7-14.) Should the Court decide to stay Softex's '649 claims pending the PTAB's institution decision on Microsoft's IPR petition, *In re Google* advises that the Court should also stay the rest of the case.

Softex's infringement allegations in this case are virtually identical to those in the *Absolute* litigation, "strongly suggest[ing] there will be substantial similarity involving the infringement and invalidity issues" between suits. *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014). Softex attempted to distinguish its infringement allegations against HP by claiming that HP directly infringes both the asserted method claims and the asserted hardware claims by making, using, or selling HP computers with Absolute's accused software will also be addressed in the *Absolute* litigation. But Softex explicitly relies on the exact same acts by HP to allege induced infringement against Absolute in the *Absolute* litigation. Softex's concessions regarding representative products now confirms that HP's hardware is immaterial to Softex's infringement theories—all that appears to matter is that some generic hardware exists. Resolving the indirect infringement claims in the

9

*Absolute* litigation will thus require resolving the direct infringement claims asserted against HP. There is nothing novel about HP's computers versus any other hardware manufacturer's computers running Absolute's software.

Virtually every patent case against a software manufacturer, like Absolute, involves questions around indirect infringement because software is designed to run on hardware. Courts routinely stay litigations like this against hardware manufacturers where the infringement allegations are primarily directed toward software provided by a defendant in a parallel litigation. This includes method claims and claims against hardware manufacturers, as shown in the *In re Google* case. 588 F. App'x at 989, 992 (staying proceedings against hardware manufacturers pending resolution of case against software manufacturers, including as to U.S. Patent No. 6,937,572 that included asserted method claims).

Since Softex has conceded that it wishes to prove its claims using representative products, it is clear that no unique infringement allegation is asserted against HP as to Absolute's accused software **in this case**, and the *Absolute* litigation will fully resolve Softex's claims against HP as to the Absolute Functionality. HP has agreed to be bound by the outcome of the *Absolute* litigation as to the causes of action relating to the Absolute Functionality. (ECF No. 36 at 7.) The case should thus be stayed in its entirety pending the PTAB's institution decision on Microsoft's IPR petition.

## **CONCLUSION**

For these reasons, the Court should stay the case pending the PTAB's institution decision on Microsoft's IPR petition, or in the alternative, stay the '649 Patent claims at this time.

Dated: October 31, 2023 COOLEY LLP

By: */s/ Reuben H. Chen*
   Heidi L. Keefe (CA Bar 178960)
   hkeefe@cooley.com
   Reuben H. Chen (CA Bar 228725)
   rchen@cooley.com
   Alexandra Leeper (admitted *pro hac vice*)
   aleeper@cooley.com
   3175 Hanover Street
   Palo Alto, CA 94304
   Telephone:  (650) 843-5000
   Fax:         (650) 849-7400

   Orion Armon (admitted *pro hac vice*)
   oarmon@cooley.com
   1144 15th Street, Suite 2300
   Denver, CO 80202
   Telephone:  (720) 566-4000
   Fax:         (720) 566-4099

   Dustin M. Knight (admitted *pro hac vice*)
   dknight@cooley.com
   11951 Freedom Drive, 16th Floor
   Reston, VA 20190
   Telephone:  (703) 456-8000
   Fax:         (703) 456-8100

   Samuel K. Whitt (admitted *pro hac vice*)
   swhitt@cooley.com
   1299 Pennsylvania Avenue, NW Suite 700
   Washington, DC 20004
   Telephone:  (202) 842-7800
   Fax:         (202) 842-7899

*Attorneys for Defendant HP Inc.*

   Sara E. Inman
   sara.inman@faegredrinker.com
   Faegre Drinker Biddle & Reath LLP
   1717 Main Street, Suite 5400
   Dallas, TX 75203
   Telephone: (469) 357-2500
   Fax:        (469) 327-0860

        Carrie A. Beyer (admitted *pro hac vice*)
        carrie.beyer@faegredrinker.com
        Faegre Drinker Biddle & Reath LLP
        320 S. Canal Street, Suite 3300
        Chicago, IL 60606
        Telephone: (312) 569-1000
        Fax:       (312) 569-3000

        Kristin L. Stoll-DeBell (admitted *pro hac vice*)
        kirstin.stolldebell@faegredrinker.com
        Ryan M. Cooney (admitted *pro hac vice*)
        ryan.cooney@faegredrinker.com
        Faegre Drinker Biddle & Reath LLP
        1144 15th Street, Suite 3400
        Denver, CO 80202
        Telephone: (303) 607-3500
        Fax:       (303) 607-3600

*Attorneys for Defendant HP Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for Defendant has conferred with counsel for Softex LLC in a good-faith effort to resolve the matter presented herein. Counsel for Defendant has notified counsel for Softex LLC by email of Defendant's intent to file a Motion to Stay Based on New Facts on October 26, 2023, the parties subsequently discussed whether to stay the litigation against HP during a meet and confer on October 31, 2023 and have been unable to reach an agreement. Counsel for Softex LLC opposes the instant Motion.

*/s/ Reuben H. Chen*  
Reuben H. Chen

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 31, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Reuben H. Chen*  
Reuben H. Chen